J-E02002-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
         Appellant   :
  :
  :
  :
         v.   :
  :
  :
  :
TINA SUE MCKAHAN   :   No. 10 WDA 2019

Appeal from the Suppression Order Entered November 28, 2018
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000096-2018

BEFORE: BENDER, P.J.E., BOWES, J., SHOGAN, J., LAZARUS, J., OLSON, J.,
DUBOW, J., KUNSELMAN, J., MURRAY, J., and McCAFFERY, J.

DISSENTING MEMORANDUM BY MURRAY, J.:     FILED JANUARY 12, 2021

I respectfully dissent. I carefully reviewed the record, and am constrained to disagree with the Majority's finding that the Commonwealth raised a theory in the suppression court, "rooted in the federal good-faith exception to the warrant requirement." Maj. at 3. I also disagree with the finding, "the Commonwealth abandons its suppression-hearing theory that the purpose of the exclusionary rule is not to punish police misconduct. . . . Instead, it shifts its rationale for excusing the unconstitutional search warrant from the good-faith exception to a claim of inevitable discovery." Id. 4. For the following reasons, I would not find waiver.

My review of the certified record reveals that defense counsel moved to suppress on multiple grounds, including a claim that the warrant was

unconstitutionally overly broad because it sought all medical records. Omnibus Pre-Trial Motion, 7/20/18, at 1.

A hearing on the motion took place on August 30, 2018. The trial court, counsel, and witnesses constantly interrupted and spoke over one another, causing the inaudibility of certain words. See N.T., 8/30/18, at 1-64. What is clear from the transcript is that the issue of the allegedly overly broad warrant was not the focus of the hearing, and less than one page of testimony is devoted to the issue. Id. at 29.

After the close of evidence, the trial court, sua sponte, raised the question of the appropriate remedy for an overly broad warrant. Id. at 40. Neither party was prepared to address the issue; both attempted, unsuccessfully, to divert the discussion back to the issues raised at the hearing, and both stated that they needed to do additional research. Id. at 40-50. The Majority relies on a single line uttered during this impromptu argument at the suppression hearing to support its claim that the Commonwealth raised the "good-faith exception." See Maj. at 3; N.T., 8/30/18, at 43. However, the Commonwealth never used the phrase "good-faith exception," and to the contrary, argued that there was probable cause to support the issuance of the first search warrant. See N.T., 8/30/18, at 42-44.

Moreover, as noted above, both sides were unprepared at that juncture, and both stated that they needed the opportunity to research the issue. Id.

at 40-50.   Accordingly, the trial court ordered defense counsel to brief the issue, and the Commonwealth to respond.   See Order, 9/5/18, at unnumbered page 3.   On October 12, 2018, defense counsel filed an approximately 3-page memorandum of law, which did not address the trial court's question about the appropriate remedy for an overly broad warrant.   See Memorandum on Behalf of Defendant, 10/12/18, at unnumbered page 1-3.

On October 30, 2018, the Commonwealth filed a response.   See Commonwealth's Memorandum in Opposition to Defendant's Motion to Suppress, 10/30/18, at 2-7.   The argument section of the memo is three pages.   Id. at 4-6.   All but one paragraph of the memorandum consists of citation to caselaw, with brief summaries of the cases, their holdings, and a quotation from the case.   Id.   At no point does the Commonwealth refer to either the good-faith exception or inevitable discovery.   Id.   Instead, it relies on our Supreme Court's decision in Commonwealth v. Ruey, 892 A.2d 802 (Pa. 2006), an independent-source case, for the proposition that as long as there is probable cause for the issuance of a warrant, technical violations in a first warrant are curable by a properly issued second warrant.   Id.   In the only actual argument in the memo, immediately following the quote from Ruey, supra, the Commonwealth states:

> In the present prosecution, the application clearly articulated probable cause supporting the issuance of a search warrant for the place where evidence of a crime would be located, namely, the defendant's medical records from Ruby Memorial Hospital. Because this was a medical purpose blood draw, her consent was not at issue.

Id.

Thus, while the Commonwealth's memorandum is not a model of legal advocacy, the Commonwealth advanced a single theory below, relying on several cases involving the independent-source doctrine. Their theory was that there was probable cause to support obtaining the blood test results, the overly broad warrant was a technical error, and the Commonwealth could cure the error by the use of a properly narrowed second warrant. See N.T. 8/30/18, at 40-50; Commonwealth's Memorandum in Opposition to Defendant's Motion to Suppress, 10/30/18, at 4-6.

The Commonwealth presents the same theory in their appellate brief. See Brief for Appellant, 1/17/20, at 12-17. With the exception of two 2018 decisions,[1] the Commonwealth cites the exact same cases it cited in its responsive memorandum. See id.; see also Commonwealth's Memorandum in Opposition to Defendant's Motion to Suppress, 10/30/18, at 4-6. While the Commonwealth uses the phrase "inevitable discovery" in a single sentence, it

_____

[1] Those two cases are Commonwealth v. Fulton, 179 A.3d 475 (Pa. 2018) and Commonwealth v. Leed, 186 A.3d 405 (Pa. 2018). In Fulton, concerning the warrantless search of a cell phone, our Supreme Court discusses the independent-source doctrine concurrently with the doctrine of inevitable discovery, thus indicating the Court views them as related. See Fulton, supra at 489-92. The Leed case involves the staleness doctrine, and whether a typographical error regarding the date on which a K9 sniffed a storage facility invalidated the warrant. Leed, supra at 408-09. Leed is relevant to this appeal because it emphasizes that warrants should be reviewed in a "common sense and non-technical fashion." Id. at 411.

does not discuss the doctrine, and none of the cases it cites, with the possible exception of Fulton, supra, concern inevitable discovery. The Commonwealth's theory on appeal is the same as it was in the suppression court — that there was probable cause to support a warrant for the BAC results and the court should not have suppressed those results because of the technical problems with the warrant. Id. at 12-17.

In sum, while I agree the Commonwealth has not provided well-drafted pleadings in this matter, I view its advocacy as consistent. Therefore, I would not find waiver on en banc review, particularly where the 3-judge panel decision addressed this case on its merits. Accordingly, I respectfully dissent.

Judges Bowes, Shogan and Olson join this dissenting memorandum.